IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUREN OLIVEROS, as Personal
Representative of the Estate of JEREMEY
BLOUIN, DECEASED,

        Plaintiff,

        vs.                                No. CIV 04-051 LH/RHS

VINCE MITCHELL, GLENN MEARLS, and
THE CITY OF FARMINGTON, NEW
MEXICO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment (Docket No. 22), the Defendants' Motion for Summary Judgment on All Counts of Plaintiff's Complaint (Docket No. 28), the Plaintiff's Motion for Partial Summary Judgment for Liability Against Defendants Mitchell and Mearls (Docket No. 19), and the Defendants' Motion for Extension of Time to Submit Response to Plaintiff's Summary Judgment (Docket No. 24). The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the applicable law, and otherwise being fully advised, finds that the Defendants' motions for summary judgment are **well taken** and should be **granted**, the Plaintiff's motion is **not well taken** and should be **denied**, and that the Defendants' motion to extend time is moot and should be **denied**.

I.  Background

The Plaintiff is the personal representative of the estate of Jeremey Blouin, who is deceased. The Plaintiff alleges that the Defendant police officers engaged in a high-speed chase of the Plaintiff's decedent [hereinafter "Blouin"] after they observed him commit a traffic offense.  Once his vehicle came to a stop, the Plaintiff alleges that Defendant officers removed Blouin from his car and slammed him against it.  Defendant Mitchell's firearm discharged during this process.  The shot hit Blouin in the hip, shattering his pelvis.

The Plaintiff's complaint includes two Fourth Amendment claims.  First, she alleges that the Defendants unreasonably seized Blouin, namely by shooting him.  Secondly, she alleges that the Defendant officers used excessive force in violation of the Fourth Amendment.  The third count in the complaint alleges state law tort claims.

The Plaintiff moved for partial summary judgment on the issue of the individual Defendants' liability on all three counts in the complaint.  The Defendants then moved for summary judgment on the Plaintiff's intentional tort claims on the ground that they do not survive Blouin's death.  The Defendants also moved for summary judgment on all of the Plaintiff's claims, arguing that the shooting was accidental.

II.  Legal Standard

"Summary judgment is proper only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Quaker State Minit-Lube v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995), *quoting* FED. R.

C<small>IV</small>. P. 56(c). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." F<small>ED</small>. R. C<small>IV</small>. P. 56(e).

### III.  Analysis

A.  Defendants' Motions for Summary Judgment

1.  Intentional Tort Claims

The Defendants have moved for summary judgment on the Plaintiff's intentional tort claims, arguing that those causes of action do not survive Blouin's death. The Plaintiff did not dispute any of the facts advanced by the Defendants. Thus, for the purposes of this motion there is no genuine issue of material fact.

The only issue is whether, as a matter of law, the Plaintiff's intentional tort claims survive Blouin's unrelated death. The survival of claims made pursuant to 42 U.S.C. § 1983 is governed by state law, so long as that state law is "not inconsistent with the Constitution and laws of the United States." *Robertson v. Wegmann*, 436 U.S. 584, 588-90 (1978).

The New Mexico survival statute reads,

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the

> person entitled or liable to the same. The cause of action for wrongful death and the cause of action for personal injuries, shall survive the death of the party responsible therefor.

N.M. Stat. Ann. § 37-2-1 (2004). The reference to personal injury actions in the second sentence does not apply in this case, as the Defendants argued, because the party entitled to the cause of action, not the party responsible for his injuries, is the one that died. The inquiry must therefore be determined by reference to the common law. *Id.*

At common law, tort actions did not survive the death of the victim. *See Rodgers v. Ferguson,* 89 N.M. 688, 690-92, 556 P.2d 844, 846-48 (Ct. App. 1976). In *Rodgers*, the New Mexico Court of Appeals held for the first time that negligence actions should survive the victim's unrelated death. *Id.* at 691, 556 P.2d at 847. However, it expressly refused to address "other actions under the common law," including intentional torts. *Id.* at 694, 556 P.2d at 850.

While the New Mexico courts have not addressed the question at issue here, this Court has. In *Medina v. Pacheco*, No. CIV 95-1004 JC/RLP, then-United States District Judge Conway decided as a matter of first impression that intentional tort claims did not survive the unrelated death of the plaintiff. On appeal, the United States Court of Appeals for the Tenth Circuit affirmed Judge Conway's ruling. *Medina v. Pacheco*, 161 F.3d 18 (10th Cir. 1998) (Table) (unpublished opinion), 1998 WL 647784, **6.[1]

Absent a decision by the state courts, this Court must attempt to resolve the issue as the New Mexico Supreme Court would. *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). As was

---

[1] "Citation of an unpublished decision is disfavored. But an unpublished decision may be cited if: (1) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (2) it would assist the court in its disposition." 10th Cir. R. 36.3(B). This Court found that both conditions had been met, and therefore chose to cite to the unpublished opinion.

the case in *Medina*, the Plaintiff's constitutional claims at issue here are most closely analogous to intentional torts. 161 F.3d 18, 1998 WL 647784, **5. This Court agrees with the rationale of both Judge Conway and the Court of Appeals, and finds that the New Mexico Supreme Court would probably find that a plaintiff's intentional tort claims do not survive his unrelated death.

The Plaintiff is correct that *Medina* is not binding. 10th Cir. R. 36.3(A). However, it nonetheless has persuasive value. *See Patton v. Denver Post Corp.*, 326 F.3d 1148, 1152 n.2 (10th Cir. 2003). There is no question that *Rodgers* is the New Mexico appellate courts' only pronouncement on the issue, or that the basis of the *Rodgers* opinion was that the plaintiff's claim sounded in negligence. *Medina*, 1998 WL 647784, **5. The Plaintiff has offered no reason to discount *Medina's* rationale or any argument against its persuasiveness.

This Court also addressed this issue in *Johnson v. Holmes*, No. CIV 02-1239 JB/KBM. There, United States District Judge Browning found the rationale of *Medina* persuasive and held that the plaintiff's intentional tort claims did not survive her death. Memorandum Opinion and Order (Docket No. 183), filed March 19, 2004. I agree with Judge Browning's conclusion that the Court of Appeals considered and addressed in *Medina* each of the arguments presented in the present case. There is no reason presented here to reach a different result.

The Plaintiff's complaint includes two constitutional claims and two state law tort claims. Each is analogous to an intentional tort cause of action. Each of the torts preceded Blouin's death. None, however, caused it. The Court finds that these claims do not survive his death, and will therefore enter summary judgment in favor of the Defendants.

2.  Negligence Claim

a.  Subject Matter Jurisdiction

The only remaining claim is the Plaintiff's negligence cause of action, which is purely a state law claim.  That claim undoubtedly formed "part of the same case or controversy" as the claims brought under the Fourth Amendment and 42 U.S.C. § 1983, over which the Court had original subject matter jurisdiction.  28 U.S.C. § 1367(a).  The Court therefore has the statutory authority to exercise supplemental jurisdiction over the state law claim.  *Id.*

The Defendants have been granted summary judgment on each of the Plaintiff's federal claims.  "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In the interest of judicial economy and considering the relatively late stage of the proceedings, the Court will exercise its supplemental jurisdiction over the remaining claim as well.

b.  Summary Judgment

With regard to the Plaintiff's negligence claim, the Defendants assert that the officers' conduct did not breach their duty of ordinary care.  The Plaintiff did not respond to this motion, and the facts asserted therein will therefore be deemed admitted for the purposes of the motion.  *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Those facts establish that Officers Mitchell and Mearls were public employees acting within the scope of their duty at the material times.

"A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12 NMSA 1978." N.M. Stat. Ann. § 41-4-4 (Michie). Section 41-4-12 waives this sovereign immunity for "personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." N.M. Stat. Ann. § 41-4-12 (Michie). The Plaintiff's claims for assault, battery, and constitutional violations have been dismissed. The remaining claim is for simple negligence.

"This Court has held that a law enforcement officer or agency may be held liable under section 41-4-12 for negligently causing infliction of one of the predicate torts. But no case has held that simple negligence in the performance of a law enforcement officer's duty amounts to commission of one of the torts listed in the section." *Tafoya v. Bobroff*, 865 F.Supp. 742, 746 (D.N.M.1994) (internal citations omitted). "...[P]laintiff cannot recover for negligent training or supervision in the absence of either a tort listed in Section 41-4-12 or a deprivation of a right secured by the federal or state constitution or laws." *McDermitt v. Corrections Corp. of America*, 112 N.M. 247, 248, 814 P.2d 115, 116 (Ct. App. 1991).

Because the remaining negligence claim does not allege one of the predicate torts listed in the statutory waiver, the Defendants are entitled to sovereign immunity. They are also entitled to judgment as a matter of law. Their motion will be granted.

B.  Plaintiff's Motion for Partial Summary Judgment

In light of the foregoing conclusions, the Plaintiff cannot be entitled to judgment as a matter of law, regardless of the absence of a triable issue of fact.  Her motion must therefore be denied.

C.  Defendants' Motion to Extend Time

The Plaintiff moved for partial summary judgment on the issue of the individual Defendants' liability on each of the claims in her complaint on July 14, 2004.  On August 2, 2004, the Defendants moved to extend the time in which to respond to that motion.  The Plaintiff indicates that the Defendants' counsel requested an extension of her attorney on the same day.  On August 9, 2004, without a ruling from the Court, the Defendants responded to the motion.

As discussed above, even the Defendants' failure to establish that a genuine issue of material fact exists could not entitle the Plaintiff to judgment as a matter of law on her claims.  The Court therefore finds that the Defendants' response to the Plaintiff's motion is irrelevant.  Their motion to extend the time in which to file it is therefore moot, and will be denied as such.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment (Docket No. 22) is **granted**.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment on All Counts of Plaintiff's Complaint (Docket No. 28) is **granted**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Partial Summary Judgment for Liability Against Defendants Mitchell and Mearls is **denied**.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Extension of Time to Submit Response to Plaintiff's Summary Judgment is **denied** as moot.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**